AVERILL CHEMICAL PAINT CO. *v.* NATIONAL MIXED PAINT CO.
and others.

*(Circuit Court, S. D. New York.* October 29, 1881.)

1. LETTERS PATENT—PAINTS—VOID REISSUES.

Reissues are void if broader than the original patent.

Hence, reissued letters patent No. 7,031, dated April 4, 1876, and granted to Damon R. Averill, assignee, for an improvement in paints, the claim being for a mixed liquid paint composed of certain ingredients, "put up in tight vessels or cans," is broader than the original patent, which made no claim to anything to contain the paint, and void.

In Equity.

*John R. Bennett* and *George Harding*, for plaintiff.
*Edmund Wetmore*, for defendants.

WHEELER, D. J.   This suit is founded upon reissued letters' patent No. 7,031, dated April 4, 1876, granted to Damon R. Averill, assignor, for an improvement in paints.   The claim is for "a mixed liquid paint composed of oxide of zinc or other pigments, oil, turpentine, or benzine, water, and one or more emulsating agents, put up in tight vessels or cans."   The original patent was No. 66,773, dated July 16, 1867, for an improved paint compound, particularly described by ingredients and quantities like that in the reissue, but with lime-water and silicate of soda, which were emulsating agents, but not stated to be such, specified as parts of the combination and compound.   The claim was for "a paint composed of the ingredients herein named, and prepared and compounded substantially in the manner specified." There was no allusion in the patent to anything to contain the paint. Liquid mixed paints, produced by the use of emulsating agents, were known and used before Averill's discovery, and paints had been contained in cans and other tight vessels before that time, but no paint had been made by the use of his precise combination and ingredients before.   On the application for a reissue the patentee made proof that, prior to his application for the original patent, he had put up his paint in cans and other tight packages, and noticed its advantages for being put up in that way, which appears to have been satisfactory to the commissioner that this mode of packing was a part of the original invention, and upon that proof the reissue appears to have been granted.   The defendants do not use the combination or compound described in the original patent.   The principle defénces are that the reissue is not supported by the original, and is therefore void; that the patentee was not the original and first inventor of the invention described in the reissue; and that if the reissue can be upheld at all, the defendants do not infringe any part for which it is valid.   The original patent was valid enough, apparently, for the particular kind of paint described in it.   The reissue, if it is for that kind of paint only, packed in tight vessels, may be valid, for it would merely narrow the scope of the claim upon the same invention from that kind of paint everywhere to that kind of paint only when so packed.   But the reissue is not limited to that particular kind of paint.   It extends to all forms made from the same ingredients, other than the emulsating agents specified, by the use of any emulsating agents.   This expands the original patent, not only beyond the scope of the claim upon the invention described, but beyond the scope of that invention.   The whole invention there described was of a particular kind of liquid mixed paint.   The invention described in the

reissue is of all kinds of liquid mixed paint packed in tight vessels. The invention of packing in vessels is not at all described, or even alluded to, in the original patent. So the question is presented whether the commissioner of patents is authorized to grant a reissue of a patent for an invention, in addition to that shown in the original, upon proof, in the absence of any drawing or model showing the invention in the original, that the addition was really a part of the same invention sought to be patented in the original. This question does not now seem to be open.

In *Powder Co.* v. *Powder Works*, 98 U. S. 126, the patents were for compositions or articles of manufacture like that here. That part of section 53 of the act of 1870, now section 4916 of the Revised Statutes, authorizing amendment of patents upon proof, in the absence of any drawing or model, was relied upon and came under consideration. It was there held that this clause did not authorize the commissioner to grant a reissue for a different invention; or to determine that one invention was the same as another or different one; or that two inventions essentially distinct constituted but one. The question was left open as to whether that clause related to all patents, or only to patents for machines, but no room was left for adding to the invention by proof. Under that decision this reissue cannot stand. If it could stand, the only invention covered by it of which Averill was the first discoverer would be packing this paint in tight vessels. Such vessels impart no quality to the paint. They are no more useful to this kind of paint than to others, in proportion to the amount used. The paint, on account of its valuable qualities, has found its way into extensive use through the ordinary vehicles for paints, and Averill has doubless contributed largely to its success, but it has been done by business enterprise rather than patentable invention. What he is really the first inventor of the defendants have not taken.

Let there be a decree dismissing the bill of complaint, with costs.